**Demetrius A. WILSON, Plaintiff—Appellant,**

v.

**PIMA COUNTY JAIL; et al., Defendants—Appellees.**

No. 03–15456.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 18, 2003.

Demetrius A. Wilson, Reg.#165175, pro se, Yuma, AZ, for Plaintiff–Appellant.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

No appearance, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM [**]

Demetrius A. Wilson appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Pima County Jail officials interfered with his constitutional rights by improperly handling his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed the action with prejudice, because Wilson's amended complaint did not allege facts sufficient to show that an actual injury resulted from defendants' alleged failure to mail his motion for substitution of counsel, *see Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), or that the Supreme Court did not receive his habeas petition due to defendants' intentional actions, *see Stevenson v. Koskey*, 877 F.2d 1435, 1440–41 (9th Cir.1989) (stating that negligent interference with inmate mail is insufficient to sustain a claim under 42 U.S.C. § 1983).

We deny Wilson's October 14, 2003 "Motion to Amend the Names of the Defendants," and therefore take no action on the proposed substitute opening brief.

AFFIRMED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.